## John Edwards *v.* Daniel Drew and Isaac Newton.

This court has no power, on appeal from the lower courts, to give relief on the ground of surprise, except where judgment has been entered against a party on default. (*a*)

A judgment cannot be reversed for the denial, by the justice, of a motion to adjourn, unsupported by any affidavits, although it be shown, by affidavits produced on the appeal, that, if the facts had been proved below, they would have rendered such refusal improper, and although it also appears that injustice may have resulted therefrom.

Appeal from the First District Court. On the return of the process issued therein, the defendants appeared personally and with an attorney. Neither the justice nor the plaintiff being in attendance, the clerk, about thirty minutes after the hour named in the summons, announced that the case was dismissed in consequence of the plaintiff's failure to attend, and added that the justice would not, probably, be present during the day. The defendants left the court, but their attorney afterwards learned that the justice and the plaintiff had been in attendance, and that—the action of the clerk being deemed unauthorized—the cause had been adjourned to the following day. The defendants' attorney appeared at the time of the adjournment, and moved a postponement of the trial, on the ground that his clients had not been informed of the proceedings taken after their withdrawal, for the reason that he had supposed the cause was merely laid over, and that the parties would be in the same position on the adjourned day as upon the first, and would then be entitled to a postponement, as of course, to prepare for trial.

(*a*) See *Bunker* v. *Latson*, 1 E. D. Smith's C. P. R. 410, where it was held, that the relief, prescribed in § 366 of the Code, cannot be applied, when the party aggrieved has appeared in the court below. The same determination was also made by this court, in the case of *Reilly* v. *Newman*, at the present January term; but it is deemed unnecessary to report the decision in full. See subsequent cases, *post*, to the same effect.

No affidavit, however, was presented as a basis of the motion for a postponement in the court below. The trial proceeded; the plaintiff's witnesses were cross examined by the defendants' attorney, and judgment was awarded against them. They now demanded a new trial, on affidavits alleging the above matters as having operated as a surprise upon them, and also on the ground that the adjournment asked for below was a matter of right.

*Charles Jones*, for the appellants.

*Lucien Birdseye* and *Charles P. Kirkland*, for the respondent.

By the Court. Ingraham, First J.—If the attorney for the defendants had made the application to the justice, for an adjournment, on an affidavit stating the reasons which he now gives in his argument, the justice should have granted it. But the affidavit was not made, and the adjournment was moved for on a mere statement that the attorney had been unable to see the defendants since the last adjournment. This was no ground for granting it. It did not even appear that he had made the attempt to do so; on the contrary, both the attorney and his client knew the cause was adjourned to the next day, and should have used proper diligence to prepare for the trial.

Besides this, the defendants' attorney took part in the trial. He cross examined the witnesses, objected to evidence, and other matters, which prevent this court from interfering under those provisions which give relief where judgment is obtained by default. It may be a hard case for the defendants to be thus deprived of their defence. The fault, however, is in the law, which gives this court no power to interfere in such cases.

The judgment must be affirmed.